# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Iowaska Church of Healing， | ) |
|     Appellant, | ) Case No. 23-5122 |
|     v. | ) |
| Daniel I. Werfel, Commissioner, Internal Revenue Service, and | ) |
| United States of America, | ) |
|     Appellees. | ) |

## NON-BINDING STATEMENT OF ISSUES TO BE RAISED ON APPEAL

Pursuant to the Clerk's order dated June 1, 2023, Appellant hereby submits the following non-binding preliminary statement of issues to be raised on appeal.

The district court upheld the determination by the Internal Revenue Service ("IRS") that Appellant, an Iowa religious corporation, is not eligible for tax-exempt status under 26 U.S.C. § 501(c)(3) because Appellant's sacraments include the consumption of ayahuasca, which is prohibited under the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, absent an exemption (including a religious exemption) from the Drug Enforcement Administration ("DEA"), and Appellant has applied for but not yet received such an exemption. Preliminarily, the issues to be raised are:

    1.    Whether the district court erred as a matter of law in deeming Appellant's use of ayahuasca an illegal activity for purposes of the Internal Revenue Code, given that the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.* ("RFRA"), prohibits the criminalization

of such use as a sincere religious practice, *see Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006).

2. Whether the district court erred as a matter of law by abdicating to the DEA the determination of whether Appellant's use of ayahuasca is an illegal activity or a religious activity lawful pursuant to the RFRA. *See, e.g., Oklevueha Native American Church of Hawai`i, Inc. v. Holder,* 676 F.3d 829, 838 (9th Cir. 2012) (RFRA contains no exhaustion of administrative remedies requirement, so plaintiffs asserting an undue burden on their exercise of religion involving controlled substances need not first seek a DEA exemption); *Church of the Eagle and the Condor v. Garland*, D. Ariz. No. 22-cv-01004-SRB, D.E. 26, Order granting in part and denying in part motion to dismiss (March 20, 2023), at 6 n.4 (holding that a RFRA claim involving the religious use of ayahuasca can be brought in court without first seeking an exemption from the DEA) (applying *Oklevueha*).

3. Whether the district court erred as a matter of law in concluding that Appellant lacks Article III standing to challenge (under RFRA) the IRS's decision denying Appellant tax-exempt status. *See, e.g., Found. of Hum. Understanding v. United States*, 88 Fed. Cl. 203, 209 (2009) ("An actual controversy exists when the taxpayer has received an adverse ruling from the IRS."), *aff'd*, 614 F.3d 1383 (Fed. Cir. 2010).

Dated: July 3, 2023

William A. Boatwright[1]
Dentons Davis Brown PC
215 10th Street, Ste. 1300
Des Moines, IA 50309
(515) 288-2500
bill.boatwright@dentons.com

Respectfully submitted,
*/s/ Simon A. Steel*
Simon A. Steel[2]
Dentons US LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7077
simon.steel@dentons.com

*Counsel for Iowaska Church of Healing*

---

[1] Member of Illinois and Iowa Bars; applying for admission to DC Circuit Bar.
[2] Member of DC Circuit and NY Bars; not admitted in DC.

# CERTIFICATE OF SERVICE

In accordance with Rule 25(d) of the Federal Rules of Appellate Procedure and Circuit Rule 25, I hereby certify that the foregoing documents were served electronically through the Court's system on all registered counsel.

Dated at Washington, D.C. this 3rd day of July, 2023.

/s/ *Simon A. Steel*
Simon A. Steel
Attorney
Dentons US LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7077
simon.steel@dentons.com