IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| IOWASKA CHURCH OF HEALING, | ) |
| | ) |
| Plaintiff – Appellant | ) |
| | ) |
| v. | ) No. 23-5122 |
| | ) |
| DANIEL I. WERFEL, in his Official Capacity as Commissioner, Internal Revenue Service; UNITED STATES OF AMERICA, | ) ) ) ) |
| | ) |
| Defendants – Appellees | ) |

**APPELLEES' UNOPPOSED MOTION FOR A 30-DAY EXTENSION OF TIME IN WHICH TO FILE THEIR BRIEF**

The United States, on its own behalf and on behalf of the Commissioner of Internal Revenue (collectively, appellees or "the Government"), respectfully requests a 30-day extension of time in which to file and serve appellees' brief, from the present due date of November 8, 2023, to and including December 8, 2023. The appellant does not object to the relief requested by this motion, as described below. In support of this motion, counsel for the Government represents as follows:

1

1. The appellees' brief is currently due on November 8, 2023. This appeal has not been scheduled for oral argument. The appellees have not previously requested an extension of time.

2. Primary responsibility for preparing the appellees' brief in this case is assigned to me.

3. In this case, the IRS denied appellant's application for recognition as a tax-exempt organization under § 501(c)(3) of the Internal Revenue Code (26 U.S.C.) ("the Code"), and as a church under § 170(b)(1)(A)(i) of the Code, on the grounds that, *inter alia*, appellant's ceremonial use of ayahuasca, a Schedule I drug under the Controlled Substances Act (*see* 21 U.S.C. § 812, Schedule I(c)(6)), is illegal and violates public policy. Appellant sued the Government, claiming that the IRS erred in denying its application and violated its rights under the Religious Freedom Restoration Act ("RFRA), 42 U.S.C. § 2000bb *et seq*. The District Court granted the Government's motion for summary judgment and closed the case.

4. On October 10, 2023, appellant filed its opening brief. On October 17, 2023, the Chacruna Institute for Psychedelic Plant Medicines and the Sacred Plant Alliance (collectively, "amici") filed a

joint amicus brief on behalf of the appellant addressing the RFRA issue in this case. Amici filed a corrected brief on October 23, 2023.

5. My father passed away on October 17, 2023, after approximately three months in hospice care. I was out of the office from Friday October 20, 2023, through and including Sunday, October 29, 2023, to attend to matters related to his death and funeral.

6. Due to the complexity of the issues raised in this case, the consideration of amici's arguments, and my absence from the office due to my father's death, I will be unable to file the Government's brief by the current due date of November 8, 2023, despite exercising diligence in my duties and despite giving priority to preparing the brief.

7. I also am responsible for preparing the Commissioner of Internal Revenue's brief as appellee in *Harper v. Werfel*, No. 23-1565 (1st Cir.), which is currently due to the First Circuit on November 22, 2023. In *Harper*, the appellant has appealed the dismissal of his case challenging the constitutionality of a "John Doe" summons[1] issued by the IRS to Coinbase, a digital currency exchange, seeking information

---

[1] A "John Doe" summons is a summons issued to a third party to obtain information about persons whose identities are unknown to the IRS. *See* 26 U.S.C. § 7609(f).

3

about U.S. persons who conducted transactions at Coinbase in a convertible virtual currency, including bitcoin, during 2013 through 2015. On October 13, 2023, the appellant in *Harper* filed his opening brief and, on October 23, 2023, he filed a corrected opening brief.

In addition, on October 19 and 20, 2023, a total of five amicus briefs were filed on behalf of the appellant's position in *Harper*, addressing a variety of issues related to cryptocurrency and the constitutionality of the John Doe summons process.

I anticipate seeking a 30-day extension in *Harper*, which, if granted, would make that brief due to the First Circuit on December 22, 2023. Pursuant to office procedures, if the First Circuit were to grant a 30-day extension, the draft brief in *Harper* would be due on December 8, 2023, the same day that the brief in the instant case is due to be filed in this Court, if this Court were to grant the requested 30-day extension. In sum, even with a 30-day extension in this case and a 30-day extension in *Harper*, and even giving priority to the brief in this case, my work on the brief in *Harper* will overlap with my work on the Government's brief in this case.

8. In accordance with the standard procedures of the Department of Justice, Tax Division, the Government's brief must undergo multiple levels of internal review by supervisory attorneys, as well as review by attorneys at the IRS, before it is filed with the Court. Pursuant to office procedures, I must submit my draft brief at least ten business days prior to the filing deadline.

9. In light of the above circumstances, the Government submits that a 30-day extension is necessary to provide adequate time in which to prepare a brief that will be of maximum assistance to the Court, to have it reviewed by the appropriate supervisory officials and the IRS, and to have the brief copied and filed with the Court.

10. I have contacted Simon Steel, counsel for the appellant, who stated that the appellant does not oppose the requested extension.

WHEREFORE, the Government respectfully requests a 30-day extension of time, to and including December 8, 2023, within which to file and serve the appellees' brief in this case.

Respectfully submitted,

/s/ Kathleen E. Lyon
KATHLEEN E. LYON   (202) 307-6370
  *Attorney*
  *Department of Justice*
  *Tax Division*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *Kathleen.E.Lyon@usdoj.gov*
  *Appellate.TaxCivil@usdoj.gov*

November 1, 2023

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **IOWASKA CHURCH OF HEALING,** | ) |
| | ) |
| **Plaintiff – Appellant** | ) |
| | ) |
| v. | ) No. 23-5122 |
| | ) |
| **DANIEL I. WERFEL, in his Official Capacity as Commissioner, Internal Revenue Service; UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendants – Appellees** | ) |

## DECLARATION

Kathleen E. Lyon, of the Department of Justice, Tax Division, Appellate Section, Washington, D.C., states as follows:

The facts in support of, and the reasons for, the foregoing motion are true and correct to the best of my knowledge.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 1st day of November, 2023, in Washington, D.C.

                                            /s/ Kathleen E. Lyon
                                            KATHLEEN E. LYON
                                            *Counsel for the Appellees*

# Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

Case No. 23-5122

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the accompanying documents authorized by Rule 27(a)(2)(B),

    [x]   this document contains 881 words, or

    [ ]   this document is handwritten or typewritten and contains [*state the number of*] pages.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    [x]   this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook, or

    [ ]   this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

/s/ Kathleen E. Lyon
*Counsel for the Appellees*
Dated: November 1, 2023